IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PERRY L. DIGGS | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-06-CV-2230-M |
| | § | |
| A.D.P. TOTAL SOURCES, INC. | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a civil action brought by Perry L. Diggs, appearing *pro se*, against A.D.P. Total Sources, Inc. ("ADP") for wrongful termination, negligence, defamation of character, and worker's compensation benefits under Texas law. On December 6, 2006, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. The court now determines that this case should be summarily dismissed for lack of subject matter jurisdiction.

II.

The court must initially examine the basis for federal subject matter jurisdiction. Unless otherwise provided by statute, federal district courts have jurisdiction over: (1) federal questions arising under the Constitution, laws, or treaties of the United States; and (2) civil actions between citizens of different states or foreign nations where the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331 & 1332. A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 771 (1996).

Plaintiff, a citizen of Texas, alleges that federal jurisdiction is proper because the amount in controversy exceeds $1 million and at least one other party, Craig Cunningham, "might be a resident of California." (Plf. Compl. at 4). However, Cunningham is not a party to this action. Instead, plaintiff has elected to prosecute identical claims against Cunningham in a separate suit. *See Diggs v. Cunningham*, No. 3-06-CV-2233-M. Moreover, even if plaintiff intended to join Cunningham and Faustino Lucio, the other party referenced in his complaint, as defendants in this case, Lucio is a citizen of Texas. This defeats the "complete diversity" requirement of section 1332(a). *See Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992) ("The diversity statute requires 'complete diversity' of citizenship: a district court cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as one of the defendants."). Consequently, there is no basis for federal subject matter jurisdiction.[1]

**RECOMMENDATION**

---

[1] In his complaint, plaintiff attempts to plead a claim under the confrontation clause of the Sixth Amendment to the United States Constitution. (*See* Plf. Compl. at 3). However, no such claim exists under federal law.

Plaintiff's complaint should be summarily dismissed for lack of subject matter jurisdiction.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 8, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

-3-